In the Matter of the Claim of BETTY CLIFF, Respondent, against DOVER MOTORS, INC., et al., Appellants, and WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. Appellants contend that decedent had deviated from the employment and, further, that death was due solely to his intoxication. Decedent died from injuries sustained in an unwitnessed accident which occurred when the employer's automobile which he was driving left the highway and struck a utility pole. The employer was an automobile dealer and employed decedent as sales manager and salesman. The accident occurred at about 10:40 P.M. About an hour and

a half before that time, the employer's officer had telephoned decedent at the place of business and decedent told him that he had just completed the sale and delivery of a car and had placed the proceeds in the safe and that he was shortly going to close the office and then to display a car to a druggist in Garden City. Whether or not such a demonstration was made or attempted is the subject of conflicting inferences. The car in which decedent came to his death was one of the two new models he had mentioned in the telephone conversation as of possible interest to the druggist. The accident occurred beyond Garden City and on the direct route to decedent's home. Upon autopsy, alcohol was found present in the brain to the extent of 0.291%, an amount sufficient to indicate intoxication. There was testimony from the employer that the salesroom usually closed at 9:00 P.M. but sometimes remained open as late as 11:00 P.M. and that decedent might have an appointment at a late hour at or away from the salesroom, as suited the customer's convenience. The employer said that in his business the salesman sets his own hours, his salary and commission depending on how zealous he is. He said that the automobile involved was in decedent's " disposal as a demonstrator" and that he had "permission to use it at all times". He said, also, that it was "not at all uncommon " for a salesman to take a potential customer for a drink. Appellants appear not to dispute the finding that the accident occurred in the course of the employment but urge that it did not arise out of the employment but was caused by personal activities constituting a deviation therefrom; this on the theory that since decedent gave no evidence of intoxication during his telephone conversation with his employer he must have consumed a considerable number of drinks in a short period of time thereafter and that such an indulgence in personal activities constituted a deviation from the employment. The board was not bound to accept the inferences which appellants would draw and there seems to us substantial evidence supportive of its determination of the issue of employment. Neither may we, upon this record, disturb the finding that the unwitnessed accident was not occasioned solely by intoxication. (Cf. *Matter of Shannon* v. *American Can Co.*, 278 App. Div. 546, motion for leave to appeal denied 303 N. Y. 1016; *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.*, 10 A D 2d 761.) The presumption was to the contrary. (Workmen's Compensation Law, § 21, subd. 4.) Appellants object to the form of the board's memorandum decision as not containing " a statement of the facts which formed the basis of its action". (Workmen's Compensation Law, § 23.) We do not approve the form employed but in this case the conflicting issues were so limited and so clearly defined as to permit of no doubt as to the basis of the board's determination, and remittal would serve no useful purpose. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon and Gibson, JJ., concur; Herlihy and Reynolds, JJ., dissent, and vote to reverse and dismiss the claim. [See *post*, p. 883.]