■ In the Matter of the Claim of BETTY CLIFF, Respondent, against DOVER MOTORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court, handed down July 12, 1960 (ante, p. 841), is amended and republished to read as follows: Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. Appellants contend that decedent had deviated from the employment and, further, that death was due solely to his intoxication. Decedent died from injuries sustained in an unwitnessed accident which occurred when the employer's automobile which he was driving left the highway and struck a utility pole. The employer was an automobile dealer and employed decedent as sales manager and salesman. The accident occurred at about 10:40 P.M. About an hour and a half before that time, the employer's officer had telephoned decedent at the place of business and decedent told him that he had just completed the sale and delivery of a car and had placed the proceeds in the safe and that he was shortly going to close the office and then to display a car to a druggist in Garden City. Whether or not such a demonstration was made or attempted is the subject of conflicting inferences. The car in which decedent came to his death was one of the two new models he had mentioned in the telephone conversation as of possible interest to the druggist. The accident occurred beyond Garden City and on the direct route to decedent's home. Upon autopsy, alcohol was found present in the brain to the extent of 0.291%, an amount sufficient to indicate intoxication. There was testimony from the employer that the sales room usually closed at 9:00 P.M. but sometimes remained open at late as 11:00 P.M. and that decedent might have an appointment at a late hour at or away from the sales room, as suited the customer's convenience. The employer said that in his business the salesman sets his own hours, his salary and commission depending on how zealous he is. He said that the automobile involved was in decedent's "disposal as a demonstrator" and that he had "permission to use it at all times". He said, also, that it was "not at all uncommon" for a salesman to take a potential customer for a drink. Appellants appear not to dispute the finding that the accident occurred in the course of the employment but urge that it did not arise out of the employment but was caused by personal activities constituting a deviation therefrom; this on the theory that since decedent gave no evidence of intoxication during his telephone conversation with his employer he must have consumed a considerable number of drinks in a short period of time thereafter and that such an indulgence in personal activities constituted a deviation from the employment. The board was not bound to accept the inferences which

appellants would draw and there seems to us substantial evidence supportive of its determination of the issue of employment. Neither may we, upon this record, disturb the finding that the unwitnessed accident was not occasioned solely by intoxication. (Cf. *Matter of Shannon* v. *American Can Co.*, 278 App. Div. 546, motion for leave to appeal denied 303 N. Y. 1016; *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.*, 10 A D 2d 761.) The presumption was to the contrary. (Workmen's Compensation Law, § 21, subd. 4.) Appellants object to the form of the board's memorandum decision as not containing " a statement of the facts which formed the basis of its action ". (Workmen's Compensation Law, § 23.) We do not approve the form employed but in this case the conflicting issues were so limited and so clearly defined as to permit of no doubt as to the basis of the board's determination, and remittal would serve no useful purpose. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon and Gibson, JJ., concur; Herlihy and Reynolds, JJ., dissent and vote to reverse and dismiss the claim, with the following memorandum: The board found that this unwitnessed accident was not occasioned solely by intoxication. The autopsy revealed the presence of 0.291% of alcohol in the decedent's brain and contained the finding, " acute alcoholism ". The specialist in toxicology who made a study of this decedent's brain and found by quantitive analysis the presence of 0.291% of alcohol in the brain, testified that this required the ingestion of 8–12 ounces of alcohol and that such a person would be intoxicated. (Cf. Vehicle and Traffic Law, § 70, subd. 5: " (c) evidence that there was, at the time, fifteen-hundredths of one per centum, or more, by weight of alcohol in his blood, may be admitted as prima facie evidence that the defendant was in an intoxicated condition.") It is undisputed that the accident occurred upon a dry, four-lane highway, with a new car apparently in perfect condition. An inspection of the vehicle following the crash revealed the steering apparatus in good condition, no blowouts, and the brakes in good condition. There were no skid marks, no objects in the highway to strike and as far as could be discovered there were no other cars involved. A very strong case is presented by appellants that the presumption under subdivision 4 of section 21 of the Workmen's Compensation Law was overcome. The statement of Judge POUND in *Matter of Shearer* v. *Niagara Falls Power Co.* (242 N. Y. 70, 73) is pertinent here: " If the employer seeks to establish that intoxication was the sole cause of the accident the burden is upon him to offer substantial evidence from which reasonable persons would reasonably draw the inference (a) that the employee was drunk at the time of the accident; (b) that he fell owing to his drunkenness and was injured or killed. The duty of going on with the case then shifts to the claimant; the presumption in favor of the employee has been overcome and the question of cause of injury is one for the Board to decide on all the evidence in the case. The ultimate burden is on the employer to establish his defense. The Board should make a specific finding whenever the question becomes material." In our opinion the board had little, if any, basis for the following conclusion in their Memorandum of Decision of March 4, 1959, " The Board further finds that the evidence presented is not sufficient to overcome the statutory presumption that the injury did not result solely from the intoxication of decedent." This case should have been disallowed in any event because the injuries which caused death did not arise out of or in the course of the employment. The decedent had a fixed place of employment to which he reported every day and his trips to and from work cannot therefore be considered part of his employment. His accident occurred on the highway (which he normally travelled) between Garden City and his home. Assuming

that he had a business appointment in Garden City after leaving the employer's place of business ('the evidence as to this fact is very unsatisfactory) his business errand was finished upon leaving the customer and the ensuing accident did not occur in the course of his employment. This is a classical example of Professor Larson's category "Business errand completed". See Pattern D (§ 19.24) where he says: (Law of Workmen's Compensation, vol. 1.) "Of course, if the accident had happened after the business call had been made and while claimant was on the final leg of his journey home, the injury would be clearly non-compensable". Even if we assume the decedent to have been an outside worker who would be in the course of his employment on his journeys to and from his home to his work, it is apparent that the accident nevertheless did not arise out of his employment. The decedent had been seen by a customer between 7:00 P.M. and 8:00 P.M. and his superior had talked with him on the telephone at about 9:15 P.M. on the night of the accident and both testified that he was not intoxicated at those times. The accident occurred at 10:40 P.M. The inference is compelling that he had little time for business in this hour and fifteen minutes, if he imbibed at least eight to twelve ounces of alcohol. Also the record shows it had been his custom to drink a little before going home in the evenings. No one disputes his intoxication. We feel therefore that the decedent deviated from his employment to partake alcoholic beverages after leaving his employer's place of business and this deviation substantially increased the risks of his trip home (*Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28). The decision and award should therefore be reversed and the claim dismissed.