■ In the Matter of the Claim of CARMEN POST, Respondent, v. HUGHSON-VILLE FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a fire district and its carrier from a decision of the Workmen's Compensation Board which awarded death benefits to the surviving spouse and minor child of deceased pursuant to the provisions of the Volunteer Firemen's Benefit Law. At 3:44 P.M. on March 12, 1959, inclement because of snow, deceased, a temporarily unemployed steam fitter aged 53 years, was assisting his infant son, a newsboy, when he heard an alarm sounded in the headquarters of a volunteer fire company of which he was a member. He hastened to the firehouse, a distance of about 200 feet, and ascended the chauffeur's seat of a 12-ton automotive combination tanker and pumper equipped with tire chains which he then drove to the scene of the fire about $1\frac{1}{4}$ miles away. A fellow fireman was seated beside him and two other responding volunteers rode in the rear of the vehicle. The public highways traversed were slippery; one, a country road, was also narrow and hilly. He had never before undertaken to operate the apparatus. There is testimony that at the first intersection which he encountered deceased experienced difficulty in shifting its gears as the result of which he became "a little flustered, nervous or excited." The fire had been extinguished before the arrival of the firemen. While driving the apparatus on the return trip to the fire station, deceased complained of pain, suddenly collapsed and lost control of the vehicle. A fellow fireman brought it to a stop without incident. Deceased was pronounced dead by a physician at the place of the occurrence. The board found "that the unaccustomed physical strain of driving this heavy truck, combined with the tension of the circumstances contributed to the cause of the myocardial infarction which brought about decedent's death, and that the same constituted an injury within the meaning of the Volunteer Firemen's Benefit Law." Since 1951 deceased had suffered from arteriosclerosis manifested by chest pains and shortness of breath upon exertion which had somewhat curtailed his recent work activities and for the alleviation of which nitroglycerin had been prescribed by his physician. Although no

*autopsy* was performed, it was assumed that the cause of death was a coronary occlusion which precipitated a myocardial infarction. Two doctors, both of whom had treated deceased during his lifetime, testified in favor of claimant as to causal relationship. Each opined that the activities of deceased superimposed upon the underlying pathology precipitated the heart attack. Appellants produced a cardiologist who stated that the death was due solely to progressive coronary arteriosclerosis. The conflicting medical testimony on the issue of causality presented a question of fact for the board. There is substantial evidence to support its finding. (*Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506; *Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34; *Matter of Fournier* v. *Fire Dept. of Vil. of Valley Stream,* 279 App. Div. 698.) Appellants' contention that deceased did not sustain an "injury" within the meaning of the Volunteer Firemen's Benefit Law is unmeritorious. (§ 3, subds. 3, 4; § 5, subd. 1, par. a; *Matter of Morrison* v. *Canterbury Fire Dist.,* 13 A D 2d 861; *Matter of Fish* v. *Smithville Volunteer Fire Co.,* 12 A D 2d 573.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.