■ In the Matter of the Claim of RUTH BERNSTEIN, Respondent, v. RIVERDALE VALET, INC., et al., Appellants, and ALL CITY INSURANCE Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 25, 1969, and a supplemental decision, filed May 19, 1970. On April 19, 1963 claimant's deceased husband suffered an accidental heart injury in the nature of a myocardial infarction for which compensation was awarded. There was no appeal taken from this determination. On October 30, 1965, decedent complained that he had felt a pain in his chest after lifting a heavy box of clothes at work. The following afternoon he was rushed to the hospital where he died. Claimant filed a claim for death benefits against the employer and All City Insurance Company, the carrier on the risk at the time of the second infarction. This claim was amended at the request of All City to include the 1963 infarction, when Manhattan Casualty was the carrier. The Referee charged full liability against Manhattan Casualty, attributing the entire cause of the second infarction to the first infarction. However, the board rescinded the Referee's award and restored the case to the calendar to provide Manhattan Casualty an opportunity to produce its evidence *de novo*. Following further hearings, the Referee reinstated the initial award. The board held the claim to have been timely filed and rescinded the Referee's determination without prejudice. Thereafter, the board affirmed the Referee's award against Manhattan Casualty, finding "that the decedent's work efforts of October 30, 1965 were not causally related to his cardiac pathology and death on October 31, 1965 and that his accidental injury of April 19, 1963 was a contributory factor in his death". On this appeal, the issue is whether the board's determination assessing full liability for the award against Manhattan Casualty is supported by substantial evidence. Appellants also raise the question of whether the board's determination was the result of prejudicial procedure. The allegation of prejudice, not being raised in the applications for review, is not here a proper subject for review (Workmen's Compensation Law, § 23; *Matter of Codolban* v. *50th St. Ties*, 35 A D 2d 1046). Furthermore, the board cured its original error and gave Manhattan Casualty an opportunity to present its evidence. There is substantial evidence to support the board's determination. The autopsy reports stated "there is an old infarct present involving the entire septum. No fresh infarction is seen.* * * No fresh thrombus is seen." Dr. Wally's testimony further supports the board's determination. He

stated that decedent's death was "causally related to the old coronary thrombosis and myocardial infarction * * * [and] was not a second compensable injury for the simple reason that the autopsy showed no fresh lesion of any type." Within the sole province of the board is the determination of which medical testimony it would accept (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decisions affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.