■ In the Matter of CHARLES DE WITTA, Appellant, v BAY SHORE FIRE DISTRICT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workmen's Compensation Board, filed

December 11, 1972, which disallowed his claim for benefits under the Volunteer Firemen's Benefit Law. The claimant, while participating in a firemen's parade, collapsed from a heart seizure identified as a myocardial infarction. The claimant's attending physician refused to express an opinion based upon reasonable medical certainty that there was a causal relationship between the claimant's activities and the collapse. The medical expert who testified on behalf of the employer and its insurance carrier expressed the opinion that the sole cause of the collapse was an underlying arteriosclerotic heart disease and that it was only coincidental that the collapse occurred in the course of the parade. The board found that the claimant did not sustain an injury in the line of duty. (Cf. Volunteer Firemen's Benefit Law, § 6.) Upon this appeal the claimant contends that, upon a showing that a disability occurred in the line of duty, there is no necessity of showing a causal relationship between the employment activity and the heart attack. However, subdivision 4 of section 3 of the Volunteer Firemen's Benefit Law defines injury as "any disablement of a volunteer fireman that results from services performed in line of duty". Upon its face, the statute requires evidence of some causal relationship between the disability and the duties being performed. Accordingly, the contention of the claimant is without any substantial basis. The determination of the board is supported by substantial evidence and must be affirmed. (See *Matter of Post v Hughsonville Fire Dist.*, 16 AD2d 999; cf. *Matter of Sullivan v Delphi Falls Fire Co.*, 29 AD2d 584, 585.) Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.