In the Matter of the Claim of JOSEPHINE RIGALI, Respondent, v TOWN OF COLONIE, VERDOY FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 8, 1975

*Walworth, Harding & Welt (Dixon S. Welt* of counsel), for appellants.

*Bookstein, Zubres & D'Agostino* for Josephine Rigali, respondent.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer*

and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 2, 1973, which made an award of death benefits pursuant to the provisions of the Volunteer Firemen's Benefit Law.

On the evening of March 27, 1970 the decedent, then fire chief of the Verdoy Fire District, learning of activity in other fire districts by the use of a home monitor, reported to his firehouse, leaving his home at approximately 10:15 P.M. At about 11 o'clock, a call was received at the firehouse requesting assistance at a fire in the Boght Fire District. A few minutes later, a call was received requesting that a truck be sent to the Latham District to stand by at that firehouse rather than to actually assist at a fire. Decedent proceeded to direct his men to cover both assignments and then set off by car to follow the truck en route to the fire in the Boght District. While proceeding along Route 7, his car suddenly left the road, went over a snowbank and stopped upon hitting a guard rail. Decedent was dead on arrival at a hospital with the undisputed cause of his death being from a myocardial infarction caused by a coronary thrombosis.

The board found the emergency situation which the decedent faced on the evening of March 27 produced stressful activities which for him at that time were more than his heart could endure producing the thrombosis and infarction resulting in his death. The board also found that his death was causally related to his duties and activities as a volunteer fireman.

On this appeal appellants urge that there was no accidental injury under the Volunteer Firemen's Benefit Law; that there is no substantial evidence to support the award; that the findings of fact were insufficient; and, finally, that the award should have been against the aided Fire District rather than the appellant Verdoy Fire District. We find no merit in any of these contentions.

The issue of assessing the award against the aided district was not raised in appellants' application for review nor passed on by the board and thus cannot be raised here (e.g., *Matter of Bernstein v Riverdale Valet,* 37 AD2d 647). As to the board's

findings, while the board could and should have made more specific findings as to the underlying facts, there was little dispute as to those underlying facts. The only issue really disputed is whether the activities involved caused the heart attack and, therefore, with the limited factual issues presented no truly useful purpose would be served in remitting this case to the board (see *Matter of Cliff v Dover Motors,* 11 AD2d 841, mod 11 AD2d 883, affd 9 NY2d 891). Similarly, while the board did not specifically find the ultimate fact of "injury", the sole issue litigated was causal relationship, and a finding of injury is implicit from its finding of causation.

The issue of substantial evidence of injury under the Volunteer Firemen's Benefit Law must also be decided against the appellants. It should first be noted that the term "injury" as used in the Volunteer Firemen's Benefit Law as a predicate to the recovery of benefits requires only a disablement resulting from services "in the line of duty" and not an "accidental injury arising out of and in the course of employment" (i.e., an industrial accident) as required in the Workmen's Compensation Law *(Matter of Sullivan v Delphi Falls Fire Co.,* 29 AD2d 584). The activities of the decedent were clearly within this narrow legislative definition of coverage *(Matter of Sullivan v Delphi Falls Fire Co., supra; Matter of Post v Hughsonville Fire Dist.,* 16 AD2d 999). The typical activities of a volunteer fireman are clearly "unusual" in terms of his normal life *(Matter of Smith v Incorporated Vil. of Sea Cliff,* 146 Misc 685), and the decedent's activities on the night of his death were more unusual than normal and, therefore, clearly involved a "strain", albeit mainly emotional, and thus an injury. Moreover, the medical testimony while typically conflicting contains substantial evidence to support the board's finding *(Matter of Palermo v Gallucci & Sons,* 5 NY2d 529).

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.