■ In the Matter of the Claim of EDNA HOFF, Respondent, v INCORPORATED VILLAGE OF WILLISTON PARK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 10, 1974, which made an award of death benefits pursuant to the provisions of the Volunteer Firemen's Benefit Law. On December 10, 1971 decedent, a volunteer fireman, suffered a myocardial infarction caused by a coronary thrombosis resulting in his death. While the deceased was in the company of the captain of the volunteer fire company, they responded to a siren and proceeded to within a block of the fire station by car, from which point decedent walked and proceeded to the fire eight blocks away on a floodlight truck. He was observed by the captain being held by two men and he was complaining of shortness of breath and chest pains. Efforts at resuscitation were made at the scene, and he was pronounced dead upon arrival at the Nassau hospital. The board found that the exertion going to and the excitement involved responding to the fire were competent to cause the death and constituted an injury in the line of duty, and that the death was causally related to such injury. Appellants urge that the physical effort in which the decedent was involved was not associated with the performance of a definite physical event, was not too strenuous for him, did not cause his death and that the medical record does not sustain the board's finding of injury within the line of duty as a fireman. There is no requirement that there must be an "accidental injury" arising out of and in the course of employment as defined by the Workmen's Compensation Law. The only requirement is that it be shown that a disablement resulted from services "in the line of duty". (*Matter of Rigali v Town of Colonie, Verdoy Fire Dist.*, 47 AD2d 507; *Matter of Sullivan v Delphi Falls Fire Co.*, 29 AD2d 584.) Furthermore, the board's findings are amply supported by the medical testimony that decedent's death was causally related to his activities as a volunteer fireman, and that normal activities would not have caused decedent's death on the day he died. (*Matter of Palermo v Gallucci & Sons*, 5 NY2d 529.) Decision affirmed, with costs to the Workmen's Compen-

sation Board. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.