■ In the Matter of the Claim of ALBERT J. HEIGEL, Respondent, v WILSON FREIGHT Co.—Steel Div. et al., Appellants. WORKMEN'S COMPENSA-TION BOARD, Respondent.—Appeal from the decision of the Workmen's Compensation Board, filed December 3, 1976 which affirmed a referee's decision finding an employer-employee relationship between the Wilson Freight Co. and the claimant on October 17, 1973. Claimant was injured on October 17, 1973 while driving a tractor-trailer in Ohio on a return trip that began in Springfield, Illinois, and was to terminate in the Boston area. Appellant, Wilson Freight Co., controverted a claim for accidental injuries on the ground that an employer-employee relationship did not exist at the time of the accident. The board found otherwise and this appeal ensued. Two issues are raised by appellant. First, that there is no substantial evidence to sustain the finding of an employer-employee relationship and, second, that the board's decision is inadequate for the purposes of judicial review. In addition to the above, the record reveals that claimant had been in the employ of appellant since January, 1973; that he drove vehicles leased to appellant by one Lucarelli and pursuant to the lease appellant had exclusive authority to sublease the vehicles. In mid-October claimant drove such a vehicle with a load of steel from Bridgeport, Connecticut, to Spring-field, Illinois, with a stop at appellant's terminal in Chicago. Claimant testified that while at the terminal he met Lucarelli who, in the presence of appellant's dispatcher, suggested that while in Springfield claimant might call Keen Transportation Company to try to get a load back. As a result of that conversation claimant contacted Keen Transportation Company and entered into a "trip lease" for the return trip. This was a common practice, but claimant, according to a company rule was to get permission from Wilson which he concededly failed to do on this occasion. The board found "that claimant testified he was told to get a load back from Ohio, in the presence of another Wilson Freight employee and dispatcher. James Lucar-elli testified claimant had trip leased on occasions prior to this and he received his share of the money, he had never told claimant he could not trip lease. Wilson Freight had not stopped claimant from trip leasing prior to this incident." Considering the record in its entirety, we are of the view

that there is substantial evidence to sustain the conclusion that an employer-employee relationship existed. While the board's decision is not well articulated, the only real issue in the controversy is the employer-employee relationship. There is no doubt as to the basis of the board's decision. Consequently, it would serve no useful purpose to remit (see *Matter of Cliff v Dover Motors,* 11 AD2d 883, 884, affd 9 NY2d 891). The decision, therefore, should be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.