■ In the Matter of the Claim OF MARY S. MACHAJEWSKI, Respondent, v TOWN OF CAMBRIA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 420]—

Lahtinen, J.

Gerald A. Machajewski (hereinafter decedent), a volunteer firefighter for the Town of Cambria, Niagara County, collapsed while responding to an automobile accident and died shortly thereafter. Decedent was determined to have suffered an acute coronary artery thrombosis, and the Workers' Compensation Board applied the presumptions contained in Volunteer Firefighters' Benefit Law §§ 44 and 61 and ultimately established a claim for workers' compensation death benefits by claimant, his widow. The Town and its workers' compensation carrier (hereinafter collectively referred to as the Town) appeal.

We affirm. There is no dispute that a heart or coronary artery condition caused decedent's death, and claimant is accordingly entitled to death benefits if that condition "resulted from the duties and activities in which [decedent] was engaged" (Volunteer Firefighters' Benefit Law § 61 [1]). Here, decedent had never been diagnosed with a heart condition, was examined by his physician just weeks before his death and was found to be in good health. The accident scene where he collapsed was described as chaotic and emotional, with injured persons trapped in several wrecked vehicles and children present. Upon his arrival, decedent donned heavy protective gear, directed emergency vehicles around the site and brought a variety of equipment to the victims, including a stretcher that weighed approximately 100 pounds. He then brought two frightened children to an ambulance so that they would not see their parents being extracted from one of the vehicles. After needing assistance to lift himself into the ambulance, decedent stayed with the children until he collapsed about five minutes later.

Inasmuch as that "evidence permits reasonable inferences to sustain the finding of the [B]oard that the death was due to unusual strain and effort" attendant to decedent's duties (*Matter of Fournier v Fire Dept. of Vil. of Val. Stream*, 279 App Div 698 [1951]; *see Matter of Sullivan v Canton Police Dept.*, 285 AD2d 850, 851 [2001]; *Matter of Rigali v Town of Colonie, Verdoy Fire Dist.*, 47 AD2d 507, 509 [1975]), the Town was obliged to provide substantial evidence to the contrary in order

to defeat claimant's application (*see* Volunteer Firefighters' Benefit Law § 61). In that regard, a cardiologist who reviewed decedent's medical records opined that his death resulted from various risk factors unrelated to his duties as a volunteer firefighter. The cardiologist admitted, however, that exertion could trigger heart problems and that wearing bulky gear placed additional stress on decedent's heart. While the cardiologist characterized decedent's actions at the accident scene as "routine" for a volunteer firefighter, even typical firefighting tasks were unusual in the course of decedent's daily life, and the Board properly determined that claimant's demonstration of entitlement to death benefits had not been rebutted (*see Matter of Rigali v Town of Colonie, Verdoy Fire Dist.*, 47 AD2d at 509; *see e.g. Matter of Wheeler v Mail Contrs. of Am.*, 60 AD3d 1245, 1246 [2009]).

While the Town's remaining arguments are properly before us, we have considered them and found them to be without merit.

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.