*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                    522747
_____

In the Matter of the Claim of
    KATHLEEN HUFFER,
                         Appellant,

        v
                                        MEMORANDUM AND ORDER
NESCONSET FIRE DISTRICT et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  September 12, 2016

Before:  Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

                    _____


        John F. Clennan, Ronkonkoma, for appellant.

        Stewart, Greenblatt, Manning and Baez, Syosset (Thomas A.
Lumpkin of counsel), for Nesconset Fire District and another,
respondents.

                    _____


Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 23, 2015, which ruled that decedent's death was not
causally related to his employment and denied claimant's claim
for workers' compensation death benefits.

        Ross Huffer (hereinafter decedent) was a volunteer
firefighter with the Nesconset Fire District and worked as a
first responder on Wednesdays and Thursdays.  On Wednesday,
February 26, 2014, decedent responded to two calls during the day
and also attended drill that evening at the firehouse.  Decedent

returned home, went to bed and died in his sleep early the next morning of hypertensive and atherosclerotic heart disease. Thereafter, claimant, decedent's wife, filed a claim for workers' compensation death benefits. Following a hearing, the Workers' Compensation Board, affirming the decision of the Workers' Compensation Law Judge, denied the claim, finding that there was insufficient evidence as to the nature and extent of decedent's activities on February 26, 2014 to find that decedent's death was related to his volunteer firefighter duties. This appeal ensued.

We affirm. Volunteer Firefighters' Benefit Law § 61 provides that "[a] claim for benefits for the death or disability of a volunteer fire[fighter] due to disease or malfunction of the heart or of one or more coronary arteries . . . shall not be denied provided the claimant introduces evidence which establishes that a volunteer fire[fighter] suffered disease or malfunction of the heart or of one or more coronary arteries which caused the disablement or death of the volunteer fire[fighter], and that such disease or malfunction resulted from the duties and activities in which the volunteer fire[fighter] was engaged." Here, testimony from claimant and the doctors did not establish the duties and activities that decedent undertook during the two emergency calls or at drill on the day before he died. No testimony or evidence was provided in that regard by any fire department officials. Claimant testified that she was unaware of the specific nature of the calls to which decedent responded or the nature of the drill. Furthermore, the record establishes that the opinion of Lester Ploss, a physician who reviewed decedent's medical records and opined that decedent's firematic duties contributed to his death, was based upon a lack of information, as well as certain assumptions made by Ploss regarding the specific activities that decedent engaged in at the emergency calls and at the drill. Given the lack of sufficient evidence regarding the duties and activities in which decedent was engaged, the requirements for the applicability of the statutory presumption under Volunteer Firefighters' Benefit Law § 61 was not met (see generally Matter of Machajewski v Town of Cambria, 89 AD3d 1175, 1175 [2011]). Based on the foregoing, the Board's decision denying the death benefit claim will not be disturbed.

-3-                         522747

Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court