In the Matter of THE CONTAINER CO., Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— The Industrial Commissioner has appealed from a decision of the Unemployment Insurance Appeal Board which reversed a decision of an Unemployment Insurance Referee sustaining the determination of the commissioner denying respondent's claim for a refund of moneys in the nature of interest and penalties which had been made pursuant to section 572 of the Unemployment Insurance Law (Labor Law, art. 18). The facts in this case are stipulated. The only issue involved is whether or not respondent is entitled to a refund. It appears that respondent became subject to the New York Unemployment Insurance Law on June 29, 1942. It did not notify the Division of Placement and Unemployment Insurance of that fact until June 22, 1945. On August 29, 1945, the commissioner determined that respondent was subject to the penalties under section 572 of the statute. Respondent then filed payroll reports with respect to its employees covered by our law. On September 7, 1945, it remitted to the division $2,896.64 covering all contributions to June 30, 1945. It then requested a waiver of interest and penalties because it had reported the same payrolls and paid contributions on the same employees to the State of Ohio. On November 8, 1945, respondent was notified that interest and penalties in the amount of $2,024.36 were due. It paid the interest assessment of $335.37 on October 13, 1945, and the penalty of $1,688.99 on December 15, 1945. On June 17, 1946, respondent filed a claim for a refund under section 578 of the law which became effective March 22, 1946. Respondent's application for a refund was made within the time fixed by subdivision 6 of section 570 of the law. On August 22, 1946, the commissioner denied the claim for a refund on the ground that section 578 as it presently exists did not become effective until March 22, 1946 (L. 1946, ch. 192), which was subsequent to the date on which the payment was made. Respondent requested a hearing and the referee sustained the commissioner's determination on the ground that the provisions of section 578 were not retroactive. Respondent then appealed to the Unemployment Insurance Appeal Board which reversed the referee's decision and granted the refund on the ground that the statute is retroactive. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to respondent. Present.— Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

In the Matter of the Claim of CLARA COOPER, Respondent, against BRUNSWICK CIGAR CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Award of death benefits. There was medical evidence from which the board could find that the heart attack which caused the death was produced by the labor incident to the employment. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan and Russell, JJ., concur; Brewster and Deyo, JJ., dissent upon the ground that the record is barren of any legal evidence to support the findings of an accidental experience.

JEANNETTE GOLDMAN, Appellant, v. SAMUEL GOLDMAN, Respondent.— Order reversed, on the law and facts, and matter remitted to the Special Term for common-law proof on the merits of the original motion as to an award of alimony, without costs. Brewster, Russell and Deyo, JJ., concur; Hill, P. J., and Heffernan, J., dissent and vote that defendant-respondent should pay the $5 a week which he agreed to pay up to this time.

ROBERT CASHIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28118.) — Judgment of the Court of Claims unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.