■ In the Matter of the Claim of ELIZABETH J. FISH, Respondent, v. SMITHVILLE VOLUNTEER FIRE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of the Workmen's Compensation Board which found decedent died from work activities in the course of his duties as a volunteer fireman. On November 8, 1956, while helping as a volunteer fireman, the decedent collapsed and upon his arrival at a hospital, was pronounced dead. There was no autopsy. The testimony established that he ran back and forth on errands associated with the fighting of the fire, in the course of which he collapsed. It is undisputed that such activities constituted strenuous physical exertion. He had been in prior good health with no apparent heart ailments. The principal contention here seems to be that without an autopsy the medical testimony and the opinion of the doctors were speculative, especially when there was no prior history of heart disease. The decedent was 39 years of age and the doctor stated that while it was unusual at that age, the decedent must have had quite a degree of underlying arteriosclerosis and his opinion was based upon years of experience and attending many autopsies. While, of course, in all such cases an autopsy is helpful, the failure to have one is not fatal. Medical testimony generally is based upon opinion and hypothesis. Circumstances such as here, where the incident took place while in his employment and it was not disputed the work was strenuous and death was due to myocardial infarction, seem to be a fair basis for an opinion by the doctor as to causal relationship. There is substantial evidence, considering the record as a whole, to sustain the finding of the board. (*Matter of Green* v. *Geiger*, 253 App. Div. 469; 255 App. Div. 903, affd. 280 N. Y. 610; *Matter of Wagner* v. *City Prods. Corp.*, 11 A D 2d 551; *Matter of Shefick* v. *Lefrak*, 11 A D 2d 828.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board.