In the Matter of the Claim of CATHERINE MORRISON, Respondent, v. CANTERBURY FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its compensation carrier

from a decision of the Workmen's Compensation Board which awarded death benefits and compensation for his predeath disability to the widow of the deceased. On March 31, 1957 the deceased, 36 years of age, collapsed while he was helping in the course of his duties as a volunteer fireman to combat a fire in the hayloft of a barn. He died on April 14, 1957. An arteriogram performed by a neurosurgeon in a hospital in New York City — subsequently confirmed by autopsy — disclosed the rupture of a large congenital aneurysm of the Circle of Willis, a ring of arteries at the base of the brain, which contributed to his death. On the basis that the fire fighting activities of the deceased caused the pre-existing aneurysm to rupture, the board found that he died as a result of an industrial accident. Appellants contend that the board's finding of a causally related accidental injury resulting in death is not supported by substantial evidence. The undisputed proof established that at the time of his collapse, the deceased, in connection with his duties, was and had been stationed for an estimated 10 to 20 minutes before it occurred in the smoke-filled haymow of a burning barn at the nozzle end of a one and one-half inch fire hose which was spraying water supplied by a piece of fire apparatus located adjacent to the building intermittently on those parts of the structure and its contents which were on fire. He wore no protective mask. From a crouch, assumed to change the position of the hose, he suddenly slumped to the floor of the loft. The medical experts agreed that his collapse coincided with the bursting of the aneurysm. There was evidence of occasional coughing by the deceased and two other volunteer firemen who were assisting him in operating the hose. It is fairly inferable that the deceased had reached the loft by climbing the ladder which had been placed against the building adjacent to the door which led to it and that he had had some part at least in bringing the hose to the place of its use in the upper story of the barn. Three medical witnesses, all of whom had attended the deceased between the dates of his collapse and death, testified that his physical activities at the fire were sufficiently exertive to have been a competent producing cause of the rupture of the pre-existing aneurysm with resulting death. The assumptions contained in the hypothetical questions propounded to them, about which appellants complain, had warrant in the record. Although the carrier's medical expert agreed that the bursting of the aneurysm and the onset of its symptoms occurred almost simultaneously and that the cause of death was, in part, the rupture, he expressed the opinion that in the framework of the activities of the deceased there would not have been a sufficient elevation of his blood pressure to cause the rupture and that such would have been likely to occur spontaneously had he not been so engaged. The issue of causally related disability and death was one of fact and on the whole record there was substantial evidence to sustain the finding of the board. (*Matter of Cooper* v. *Brunswick Cigar Co.*, 273 App. Div. 1038, affd. 298 N. Y. 731; *Matter of Bohm* v. *L. R. S. & B. Realty Co.*, 264 App. Div. 962, affd. 289 N. Y. 808; *Matter of Broderick* v. *Liebmann Breweries*, 277 App. Div. 422; *Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.*, 302 N. Y. 304.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.