**HIGHLANDS INSURANCE COMPANY,**
Appellant,

v.

**James E. CLEMENTS, Appellee.**

**No. 300.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

William R. Eckhardt, of Vinson, Elkins, Weems & Searls, Houston, for appellant.

Moise H. Simon, Bay City, Raymond L. McDermott, Houston, for appellee.

## OPINION

NYE, Associate Justice.

This is a compensation suit brought against appellant Highlands Insurance Company by appellee James E. Clements, who alleged that he sustained an accidental injury on December 31, 1964, while working in the course and scope of his employment for Brown & Root, Inc. The jury in response to special issues found that the appellee had sustained such an accidental injury, which was a producing cause of total and permanent injury and incapacity. The jury also found that the appellee's incapacity was not caused solely by a virus infection known as herpes zoster which was not connected and did not result from an accidental injury, and further that appellee's incapacity to work has not been caused solely by loss of sight of his right eye. The court, on the jury verdict, entered judgment for appellee. The appellant insurance company has perfected its appeal to this Court raising six points of error, all of which are evidence points.

Appellant restates his points one through four that there was no evidence of probative force to support the jury's finding that appellee sustained an accidental injury on December 31, 1964, while working within the scope of his employment. These four points include assignments that the trial court erred in overruling appellant's motion for instructed verdict, overruling appellant's motion to disregard certain jury findings, and for refusing to grant appellant's motion for judgment non obstante veredicto. Points five and six are to the effect that the jury verdict that appellee sustained an accidental injury and that his incapacity was not caused solely by a virus infection is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Considering these evidence points we are directed to the law as has been announced and repeatedly upheld by our Supreme Court in Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); see In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The record shows that the appellee was forty-four years of age and resided at

Falfurrias, Texas. He began working as an insulator in 1953 and continued to pursue the insulation trade until his injury. In August 1964 he was employed by Brown & Root, Inc. to work on a project at the Celanese plant near Bay City, Texas. Prior to the accidental injury of December 31, 1964, the appellee was in excellent physical condition. Following the alleged accidental injury appellee virtually lost the entire sight of the right eye.

The record shows that on the last day of December 1964 the appellee along with his supervisor Calvin Funk, were conducting an inspection of the facilities and particularly a red iron building. While on top of this "red iron" building the appellee looked directly into a duct which was located on the top floor of this building. As he peered into the inner recesses of the duct he was momentarily exposed to warm vapors emitting from the duct. He estimated that he was standing exposed to the vapors for about thirty seconds; that these vapors possessed a sour or foul pungent odor. Appellee testified that he immediately experienced a sensation described as "smart" on the side of the face as he was exposed to the vapors. Later on during the course of the afternoon, and within two hours after this exposure, and before the appellee got off duty at 5:30 p. m., he noticed an increased burning on his forehead, the right side of his face, and around his right eye. This incident occurred on Friday and upon returning to work on Monday the appellee immediately reported his condition to the company nurse. She observed that the appellee's eye was severely irritated and that the right side of his face was surrounded by tiny blisters. She noted that the appellee was in severe discomfort and she therefore made arrangements for him to be seen by the company doctor. The appellee was hospitalized within four or five days for a period of three days for the treatment of this condition. His condition was diagnosed as "shingles of the eye" or herpes zoster.

Herpes zoster was defined medically as neurotropic virus which tends to affect the nervous tissue and is similar to chicken pox, the result of which can cause permanent damage and injury to the eye. It is appellant's contention that the virus infection, herpes zoster has no causal connection between appellee's exposure to the vapors and his ultimate injury. Appellee's doctor testified that there is a medical theory supported by experts to the effect that while injury does not cause a viral infection, in some way, an injury does precipitate it. This, according to some experts, is because the virus which has been lying latent in such cases, becomes activated from a condition of dormancy, and is able to flourish in tissues devitalized by trauma. Appellee's doctor agreed with the statement of experts that under this theory the injury precipitates the herpes zoster. The appellee's doctor testified that the reported injury caused or aggravated the tissues in the appellee's right eye, that brought on the attack of herpes zoster in the appellee. He testified that this could be brought on by acid or other chemicals of a toxic nature irritating the eye; that to be exposed to acid or other toxic substance, the disease of herpes zoster is precipitated and it follows as a natural chain of causation from the injury. The doctor further testified that he would not expect a burning or reddening of the face around the patient's eye to develop within a short time after exposure unless there were toxic vapors present.

The supervisor, Calvin Funk, who had accompanied the appellee on the inspection tour of the red iron building, verified that the appellee had looked into the duct while inspecting it and that the subject duct was emitting vapors. He could not testify whether or not the vapors had any smell as he was standing beside the duct and did not have an opportunity to smell the vapors.

Although the appellant had evidence in the record that the vapors emitting from the vent was nothing but hot demineralized

water, it was undisputed that hot deminer-alized water is completely odorless. Appel-lant's witness, Dr. Roy Finch, who was an engineer and one of the plant area super-intendents, admitted in effect that if the vapor which appellee was exposed to emit-ted sour or foul smell then some foreign substance obviously had been introduced into the system. The record evidences that there was acid in and around the plant on the day of the injury and that such acids emitted a sour or foul smell. In view of the fact that the appellee testified that the vapors coming from the vent had a sour, foul smell and pungent odor, the jury could believe that it would naturally follow that some toxic substance was in the vapor and that this precipitated the injury of the appellee. Travelers Insurance Co. v. Fagan, 366 S.W.2d 885 (Tex.Civ.App.-Texarkana 1963, err. ref., n. r. e.); Fidel-ity Union Casualty Co. v. Koonce, 51 S.W. 2d 777 (Tex.Civ.App.-Amarillo 1932); Traders & General Ins. Co. v. Wright, 144 S.W.2d 626 (Tex.Civ.App.-Eastland 1940, err. ref.); Aetna Life Ins. Co. v. Harris, 83 S.W.2d 1087 (Tex.Civ.App.-Austin 1935); Atkinson v. United States Fidelity & Guaranty Co., 235 S.W.2d 509 (Tex.Civ.App.-San Antonio 1950, err. ref., n. r. e.); Consolidated Underwriters v. Wright, 408 S.W.2d 140 (Tex.Civ.App.-Houston 1966); Travelers Ins. Co. v. Smith, 266 S.W. 574 (Tex.Civ.App.-Beau-mont 1924); Texas Employers' Ins. Ass'n v. Drews, 297 S.W. 630 (Tex.Civ.App.-Dallas 1927); Maryland Casualty Co. v. Rogers, 86 S.W.2d 867 (Tex.Civ.App.-Amarillo 1935, err. ref.). The jury chose to believe the appellee and his witnesses' testimony.

We have read the complete record and find that there is sufficient evidence to support the jury's findings and that the same is not against the greater weight and preponderance of the evidence. Appellant's points are overruled.

Judgment of the trial court is affirmed.