■ In the Matter of the Claim of BETTY SULLIVAN, Respondent, v. DELPHI FALLS FIRE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which awarded death benefits to the surviving spouse pursuant to the provisions of the Volunteer Firemen's Benefit Law. On May 31, 1965 while participating with the other members of the Delphi Falls Fire Company in a Memorial Day parade the decedent collapsed and died. It appears that the activity in which the decedent was engaged had been authorized by his fire department and was under the direction of its chief. It further appears that it was one in which the members were expected to take part and was an activity which they participated in as volunteer firemen. We cannot agree with appellants' contention that there was no showing that the decedent died from an injury while in the line of duty. Section 6 of the Volunteer Firemen's Benefit Law provides for benefits "If a volunteer fireman dies from the effects of injury in line of duty" and section 3 (subd. 4) thereof defines injury as "any disablement of a volunteer fireman that results from services performed in line of duty" while subdivision 3 thereof defines line of duty as "the performance by a volunteer fireman as a volunteer fireman of the duties and activities described in subdivision one of section five of this chapter". Subdivision 1 (par. e) of section 5 entitled "Coverage" lists as part of the duties and activities in relation to which benefits shall be paid as those, "While, within the state * * * and pursuant to orders or authorization, attending or participating in any drill, parade, inspection * * * in which his fire department, fire company, or any unit thereof, is engaged".

There is no requirement that there must be an "accidental injury arising out of and in the course of employment" as defined by subdivision 7 of section 2 the Workmen's Compensation Law for the statute under which the claim is here made requires only that it be shown that a claimant sustain an injury "in the line of duty". The activities of the decedent were well within the legislative definitions of coverage under the Volunteer Firemen's Benefit Law. Dr. Cannon, the attending physician, and Dr. Clark, produced by the carrier, both testified that the decedent had suffered a coronary occlusion precipitating a myocardial infarction while parading with his unit and that there was an injury to his heart at the time of his collapse. Dr. Cannon further testified that death was the result of the physical strain while participating in the parade. On this issue, the determination of the board that the decedent's coronary occlusion and myocardial infarction resulted from an injury in the line of duty, was based upon substantial evidence and must be confirmed. (*Matter of Fish* v. *Smithville Volunteer Fire Co.*, 12 A D 2d 573; *Matter of Post* v. *Hughsonville Fire Dist.*, 16 A D 2d 999; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in a memorandum by Gabrielli, J.