[Civ. No. 17908. Fourth Dist., Div. Two. Feb. 8, 1978.]

JAMES PATTON, Plaintiff and Appellant, v.
GOVERNING BOARD OF THE SAN JACINTO UNIFIED SCHOOL
DISTRICT, Defendant and Respondent.

497

COUNSEL

Hays & Petersen and Seth J. Kelsey for Plaintiff and Appellant.

Wagner & Wagner and Patrick D. Sisneros for Defendant and Respondent.

## Opinion

**MORRIS, J.**—James Patton appeals from a judgment of the superior court denying a writ of mandate sought to compel the respondent, Governing Board of the San Jacinto Unified School District (Board), to pay to appellant, prior to the effective date of his disability retirement under the Public Employees' Retirement System, his unused, accumulated sick leave.

The central issue in this case is whether one who is retired for disability is entitled to sick leave as a matter of law by reason of Government Code section 21025.2. For many years prior to his retirement, appellant was employed by the San Jacinto Unified School District (District) as a bus driver-mechanic. He worked four hours of each day as a bus driver and four hours as a mechanic.

On September 28, 1976, appellant was notified by the Department of Motor Vehicles that his California school bus driver certificate would not be renewed because of his physical disability (heart condition, tuberculosis, diabetes and vision problems). At appellant's request a hearing with respect to the denial of his certificate renewal was set for November 18, 1976.

The Board, upon receipt of the September 28, 1976, notice of refusal by the Department of Motor Vehicles to renew appellant's certificate, reassigned appellant to work full time as a mechanic on a temporary basis. Because the District had a full complement of mechanics, appellant was offered the position of adult school aide for four hours a day in lieu of his former duties as a bus driver. This assignment together with his regular four hour assignment as a mechanic would constitute a full eight-hour day. Appellant refused the position of mechanic-adult school aide.

On November 5, 1976, appellant was notified of the superintendent's intent to recommend to the Board that it initiate action to terminate appellant's employment. On January 6, 1977, the appellant was notified that the Board would consider the dismissal charges on January 18, 1977, and he was furnished a statement of charges.

The statement of charges was as follows: "The said James Patton has lost his bus driver's certificate as evidenced by the attached letter from the Department of Motor Vehicles, which letter is marked Exhibit A [the

letter of Sept. 28, 1976]. The loss of the certificate has caused the respondent to be legally incapable of performing his job duties with the District as a bus driver."

Appellant applied for disability retirement. Although the application is not included in the record on appeal, it is clear from documents in the record that the District was aware of appellant's application sometime in November. Thereafter, on January 6, 1977, appellant was notified that he had been approved for disability retirement because of his incapacity to perform his duties as bus driver. Included in the notice from the Public Employees' Retirement System (PERS) was the following statement: "Subject to the regular requirements of law and/or local rules or ordinances governing the use of sick leave, the effective date of your retirement cannot be earlier than the day following the last day of sick leave with compensation . . . . You may, of course, request an earlier effective date."

Thereafter, on January 10, 1977, appellant advised respondent of his intent to take sick leave beginning January 13, 1977, in accordance with the above notice from PERS. The District responded on January 12, 1977, by directing him to submit a written statement from a medical doctor verifying the nature and degree of illness and the reasons why he could no longer report for work.

At the January 18, 1977, hearing on appellant's dismissal, the medical report of Dr. Grissom was submitted to the Board and the Board was advised of appellant's receipt of disability retirement.

The District terminated appellant effective January 18, 1977. Although no record of those proceedings has been brought before this court, it must be presumed that appellant was denied any right to use accumulated sick leave.[1]

Thereafter, appellant filed this action for writ of mandate to compel the governing board of the District to approve his request for sick leave.

---

[1]Respondent contends that appellant waived his right to accumulated sick leave by his failure to demand payment of money in lieu of sick leave at the time of termination. This argument has no merit for the reason that there are no provisions either in applicable statutes or in District rules for cash payment for unused sick leave upon termination of an employee. He had applied for sick leave; he was discharged; he could reasonably infer that his request was denied.

■ Although the usual remedy for the failure of an employer to pay the salary owing to an employee is an action for breach of contract, that remedy is often inadequate in the case of a public employee where the payment requires the approval of some public official. (*Glendale City Employees' Assn., Inc. v. City of Glendale* (1975) 15 Cal.3d 328, 343 [124 Cal.Rptr. 513, 540 P.2d 609] and cases there cited.) Such is the case before us and thus mandate is appropriate. If the appellant is entitled as a matter of law to his accumulated sick leave benefits under Government Code section 21025.2, then mandate is the proper remedy.

Government Code section 21025.2 provides in pertinent part as follows: "Notwithstanding any other provision of this article, the retirement of a member who has been granted or is entitled to sick leave . . . shall not become effective until the expiration of such sick leave with compensation . . . unless the member applies for or consents to his retirement as of an earlier date. Sick leave shall be subject to the regular requirements of law and rules governing the use of sick leave."

Respondent opposed the writ and prevailed in the trial court on two separate grounds, both of which are again asserted in this court:

1. The appellant was lawfully terminated for cause and is therefore not entitled to his accumulated sick leave, and

2. The appellant was not entitled to sick leave because he was not sick.

I. *The purported termination for cause*

It may be conceded that if the appellant was legally terminated prior to the vesting of any right to receive sick leave, any accumulated sick leave would be lost. (See *Adams v. City & County of San Francisco* (1949) 94 Cal.App.2d 586, 596-597 [211 P.2d 368].)

We therefore consider the termination. The sole ground for termination as set forth in the statement of charges was appellant's loss of his California School Bus Driver Certificate, which loss caused him to be legally incapable of performing his job duties.

Appellant contends that the Board's attempt to avoid its statutory obligation to pay him his accumulated sick leave by terminating him was ineffective for two reasons.

First he contends that the purported discharge was in violation of Government Code section 21023.5, which provides as follows: "Notwithstanding any other provision of law, an employer may not separate because of disability a member otherwise eligible to retire for disability but shall apply for disability retirement of any member believed to be disabled, unless the member waives the right to retire for disability and elects to withdraw contributions or to permit contributions to remain in the fund with rights to service retirement . . . ."

Respondent replies that appellant was fired, not because of his disability, but rather because he no longer had a certificate to drive a school bus. In support of this argument respondent cites the rules and regulations of the San Jacinto Unified School District adopted pursuant to Education Code section 45113 (former § 13583) that establish the causes for disciplinary action including dismissal from the service. One of the causes is the unsatisfactory fulfillment of job responsibilities, including "[l]oss or non-renewal of licenses, permits, or other documents required by the nature of the position."

■ It is axiomatic that education is a statewide concern and that the Legislature is vested by the Constitution with the ultimate control over school matters. Thus the rule making authority conferred on the governing boards of school districts by the Legislature is necessarily limited to the adoption of rules not in conflict with other statutory restrictions. (See *Phelps* v. *Prussia* (1943) 60 Cal.App.2d 732 [141 P.2d 440]; and see generally 43 Cal.Jur.2d (rev.) Schools, § 5, pp. 445-446.)

In enacting statutes providing for the retirement of public employees, including school district employees, the Legislature specifically provided that the contracting agency and its employees shall be subject to all of the provisions of the retirement laws except where a provision is specifically made inapplicable. (Gov. Code, § 20493; see also *Marsille* v. *City of Santa Ana* (1976) 64 Cal.App.3d 764, 771 [134 Cal.Rptr. 743], wherein we held that the state statute preempted the contracting city's municipal code in the area of retirement of city's employees.)

■ Any application of the cited District rule that would result in a violation of Government Code section 21023.5 must be rejected. Respondent's suggested application of the rule does just that. Appellant lost his certificate solely because of disability. That he was eligible to retire for disability is irrefutably established by the fact that he *did* retire for disability. Therefore, to separate him from the service for loss of the

certificate is clearly to "separate because of disability a member otherwise eligible to retire for disability." Remember, courts look at substance rather than form. (Civ. Code, § 3528.)

The second reason appellant cites in support of his contention that the Board cannot; by the termination, avoid its obligation to pay him his accumulated sick leave is that the purported termination occurred after his right to sick leave had vested. The appellant's retirement for disability was approved on January 6, 1977. He applied for sick leave to commence pursuant to section 21025.2 on January 13, 1977. The purported termination was not effective until January 18, 1977. Therefore, if appellant was entitled to sick leave on January 13, 1977, the right vested on that date and respondent's duty to pay appellant sick leave became fixed by law. Separation from the service thereafter could not affect any right appellant might have to accumulated sick leave pursuant to Government Code section 21025.2.

We conclude that the termination of appellant does not operate to relieve the Board of any obligation it may have to pay appellant accumulated sick leave.

II. *The right to accumulated sick leave*

 Respondent contends that appellant was not entitled to sick leave because he was not sick. The trial court made a factual finding that "Petitioner James Patton at the time of his dismissal from the employ of the San Jacinto Unified School District was not sick or disabled," and "Petitioner was not physically disabled at the time of his dismissal nor at any time mentioned herein." Presumably the latter finding encompasses the date of January 13, 1977, the date that the right to sick leave, if any, became vested.

The evidence bearing on this issue was as follows:

1. Appellant worked (as a mechanic) continuously up to the date of his retirement.

2. Appellant stated at the January 18, 1977, Board meeting that he was physically able to work.

3. The doctor's certificate stated that an examination on December 20, 1976, revealed that appellant was unable to perform his duties because of

"Arteriosclerotic Heart Disease—Compensated," and "Diabetes Mellitus—Latent—Controlled."

4. Appellant's retirement for disability had been granted.

If, in order to qualify for sick leave under Government Code section 21025.2, illness is a factual issue then we are compelled to conclude that there is substantial evidence to support the factual finding of the trial court.

■ The finding of the Public Employees' Retirement System as to appellant's disability is not res judicata as to the District since the District was not a party or in privity with a party in the PERS proceeding. (See *Summerford* v. *Board of Retirement* (1977) 72 Cal.App.3d 128, 130 [139 Cal.Rptr. 814], and cases there cited.)

■ We now turn to what we consider the central issue on this appeal, i.e., whether one who is retired for disability is entitled pursuant to Government Code section 21025.2 to sick leave as a matter of law.

As we see it the crucial question is what is the meaning of the language "is entitled to sick leave?" The section does not itself define "sickness" nor "sick leave"; it does provide that "[s]ick leave shall be subject to the regular requirements of law and rules governing the use of sick leave." Neither does the Education Code provide a definition of sick leave. Section 45113 (former § 13583) of the Education Code authorizes the governing board of a school district to prescribe written rules and regulations, governing the personnel management of the classified service.[2]

The rules and regulations of the District, adopted pursuant to this section, provide that "[a]ll regular fulltime unit members shall be entitled to eight (8) hours of sick leave for illness or injury for every one hundred and seventy-six (176) hours of paid employment . . . ." They provide for a limited use of sick leave for purposes other than simple absence due to illness or injury, i.e., for visits to doctors, dentists, etc., and for cases of personal necessity. However, the rules do not define illness or sickness.

---

[2]Appellant was in the classified service of the District prior to his retirement.

█ In the absence of a statutory definition, the language of a statute should be construed in accordance with its usual, ordinary meaning (*Pac. Gas & E. Co.* v. *Shasta Dam etc. Dist.* (1955) 135 Cal.App.2d 463, 468 [287 P.2d 841]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]) and "[i]f possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) █ Following these primary rules of construction we are led to conclude that section 21025.2 simply means that a member who is too sick to work at the time of such member's retirement, whether or not sick leave has already been granted, is entitled to the use of all accumulated sick leave before retirement becomes effective. Sickness for purpose of entitlement to sick leave is universally recognized as an illness or injury interfering with one's ability to perform one's usual work so that absence from work is warranted.

To interpret section 21025.2 to mean that a member upon retirement is automatically entitled to all accumulated sick leave would be to render meaningless the language "who has been granted or is entitled to sick leave." Furthermore, if we interpret that language to mean that one who is retired for disability is entitled to sick leave before using disability retirement without further proof of sickness or injury, then the final sentence of the section becomes mere surplusage. The section should not be read to automatically equate retirement for disability with entitlement to sick leave.

Interpreting the words "entitled to sick leave" according to their usual meaning, and giving significance to every part of the section including the final sentence, we conclude that this section simply provides that the retirement of a member, who is too sick to work (having provided proof of illness according to other requirements of law and rules governing the use of sick leave) and thus entitled to sick leave, shall not become effective until the expiration of such sick leave with compensation unless the member agrees to an earlier date.

Having thus concluded that entitlement to sick leave is a factual issue requiring proof in accordance with District rules, the findings of the trial court, being supported by substantial evidence, are controlling.

This conclusion is not inconsistent with our decision in *Marsille* v. *City of Santa Ana, supra,* 64 Cal.App.3d 764.

The facts are different. As we noted on page 771 of that opinion, the firemen there asserted they were entitled to sick leave because their industrial injuries, entitling them to disability retirement, fell within the city's definition of sick leave. Furthermore, as we pointed out on page 772, the applicable law in *Marsille* is found in Labor Code section 4850, which provides that a city fireman who is disabled, by injury or illness arising out of and in the course of his duties shall be entitled to "leave of absence while so disabled without loss of salary, in lieu of temporary disability payments" for a period not exceeding one year. Since "salary" as used in Labor Code section 4850 encompasses sick leave, we held that the firemen there involved who were on leave of absence and unable to return to work and who had not consented to retirement at an earlier date were entitled to receive full compensation for unused sick leave, and to have their retirement dates delayed until the expiration of their accumulated sick leave.

The appellant is not a fireman or law enforcement officer and so is not within the scope of Labor Code section 4850; appellant is not on leave of absence for an industrial injury; and appellant is not too sick to work. Therefore, the law as enunciated in *Marsille* v. *City of Santa Ana, supra,* is inapposite to the facts of this case.

Judgment is affirmed.

Tamura, Acting P. J., and McDaniel, J., concurred.