[Civ. No. 53601. Second Dist., Div. One. Aug. 30, 1978.]

JOHN L. ROBERTSON, Plaintiff and Respondent, v.
CITY OF INGLEWOOD, Defendant and Appellant.

COUNSEL

Howard Rosten, City Attorney, Jack Ballas, Assistant City Attorney, and Lynn J. Willhite, Deputy City Attorney, for Defendant and Appellant.

Richard L. Knickerbocker, City Attorney (Santa Monica), as Amicus Curiae on behalf of Defendant and Appellant.

Stephen C. Rasak for Plaintiff and Respondent.

OPINION

**THOMPSON, J.**—Labor Code section 4850 provides: "Whenever any . . . city fireman . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled . . . to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under [the Workers' Compensation Act], for the period of such

disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. [This section] shall . . . apply to city firemen . . . who are members of the Public Employees' Retirement System [PERS]. . . ."

Government Code section 21025.2 states: "[T]he retirement of a member [of PERS] who has been granted or is entitled to sick leave . . . shall not become effective until the expiration of such sick leave with compensation . . . unless the member applies for or consents to his retirement as of an earlier date. Sick leave shall be subject to the regular requirements of law and rules governing the use of sick leave."

This appeal raises the issue of the right of a fireman who is a PERS member to defer disability retirement pursuant to section 21025.2 for a period equal to his accumulated and unused sick leave where: (1) the rules of employment of the city provide that firemen are to be compensated pursuant to Labor Code section 4850 for service-connected injury or illness and are to be granted sick leave only for nonservice-connected illness or injury; (2) the fireman suffers a service-connected injury for which he is placed on leave of absence with full pay for the full one-year period provided in section 4850; and (3) both the city's rules of employment and a relevant M.O.U. provide that at retirement the employee is entitled to 50 percent of accumulated sick leave.

We conclude that: (1) the city's rules of employment determine the entitlement to sick leave; (2) because the city's rules grant sick leave only for nonservice-connected injury or illness, the fireman was not entitled to be placed on sick leave for a service-connected injury; and (3) hence the statutory deferment of retirement provided in Government Code section 21025.2 is inapplicable to the case at bench. Noting that the trial court's decision had support in language of a Court of Appeal decision later abandoned in effect by the court that had used the language, we reverse a trial court judgment holding that the plaintiff-fireman was entitled to defer his retirement.

John L. Robertson was employed as a fireman-paramedic by the City of Inglewood. The city's civil service rules and a memorandum of understanding between the city and the union representing Robertson call for accrual of sick leave at the rate of one-half shift per month for personnel assigned a 56-hour schedule, and at the rate of 8 hours per month to those assigned a 40-hour schedule. The city's civil service rules

applicable to firemen allow sick leave only for incapacitation by "non-service connected illness or injury."

Robertson accumulated 317 hours of unused sick leave. On February 24, 1975, he was injured in the course of his employment. Robertson filed a workers' compensation claim and was placed on "injured-on-duty status" until April of 1976 when he returned to duty with the Inglewood Fire Department. The workers' compensation claim was resolved on April 27, 1977, by a compromise and release classifying Robertson's disability at 22 percent. The following day, Robertson was informed that he would be placed upon disability retirement by the City of Inglewood. He asked for and was refused compensation in full for his accumulated sick leave. The city retired Robertson as of May 2, 1977. Pursuant to provisions of the city's civil service rules that, "In the event that an employee retires . . . with unused sick leave to his credit, he shall be compensated in an amount equal to one-half . . . the value of such sick leave . . ." and a corresponding provision in an M.O.U. governing firemen, Robertson was paid upon his retirement an amount equivalent to one-half of his accrued sick leave.

Robertson filed a petition seeking a writ of mandate compelling the city to "modify [its] employment records to reflect a date of retirement which gives credit for [his] accumulated sick leave" and to fully compensate him for the unused leave. Believing itself bound by *Marsille v. City of Santa Ana* (1976) 64 Cal.App.3d 764 [134 Cal.Rptr. 743], the trial court granted Robertson's petition. This appeal followed.

The city contends that Robertson was entitled to defer his retirement pending the exhaustion of his accumulated sick leave only if he were disabled at the time of retirement in a manner entitling him to the benefit. Thus, argues the city, because its civil service rules provide for sick leave only for nonservice-connected illness or injury, Robertson, having been injured in the line of duty, was not entitled to sick leave but rather was limited to the wage continuation provisions of Labor Code section 4850. The city advances a second argument based upon the home rule provisions of article XI, section 5 of the California Constitution.

■ Leaving aside the home rule issue, the case at bench turns upon the meaning of "entitled to sick leave" as that phrase is used in Government Code section 21025.2. If the quoted phrase means accumulated and unused sick leave, then the remainder of the section requires that retirement be deferred until the "expiration of [the] sick leave with

compensation." If, however, the phrase is construed as requiring that retirement be deferred only for the period for which the employee is entitled to be placed on sick leave for some illness or injury that exists in the period immediately before his retirement, then the result is different. The case then turns upon the employee's entitlement to sick leave and not upon the amount of leave that has been accumulated.

At the time of the trial court's decision in the case at bench, *Marsille* v. *City of Santa Ana, supra,* 64 Cal.App.3d 764 seemingly had decided the issue in favor of the first of the alternative constructions of the phrase "entitled to sick leave." While dealing with a situation in which the municipality's civil service rules themselves entitled the plaintiff-firemen there involved to be placed on sick leave for disability incurred in the line of duty, the court nevertheless appeared to turn its decision upon the proposition that by reason of Government Code section 21025.2, "Firemen are entitled to have their respective dates of retirement delayed until the expiration . . . of their accumulated sick leave." (64 Cal.App.3d at p. 773.)

After the case at bench was determined in the trial court, the same division of the Court of Appeal that had decided *Marsille* faced a similar problem in the case of a nonsafety employee terminated for disability without deferment of his termination date to allow his accumulated sick leave to be exhausted. In *Patton* v. *Governing Board* (1978) 77 Cal.App.3d 495 [143 Cal.Rptr. 593], the court held that, while the termination was in effect a retirement for disability (77 Cal.App.3d at pp. 501-502), the employee was not entitled to be paid his accumulated sick leave because, at the time of his retirement, his condition did not qualify him to be placed on sick leave under his employer's civil service rules. (77 Cal.App.3d at p. 504.) In *Patton,* the court distinguishes *Marsille* because: (1) in *Marsille,* the employees were entitled to be placed on sick leave at the time of retirement pursuant to the civil service rules there applicable; and (2) Labor Code section 4850 encompasses sick leave within its meaning of salary so that the provisions of that section granting leave of absence without loss of salary require that sick leave then be paid. (77 Cal.App.3d at p. 505.) Having distinguished *Marsille,* the court in *Patton* holds that Government Code section 21025.2, which provides that "the retirement of a [PERS] member who has been granted or is entitled to sick leave . . . shall not become effective until the expiration of such sick leave with compensation . . ." does not mean "that [the employee] upon retirement is automatically entitled to all accumulated sick leave . . . ." (77 Cal.App.3d at p. 504.)

Dealing with the same statute, the *Patton* court thus in effect abandoned that portion of its earlier opinion in *Marsille* that stated that ' deferment of disability retirement until accumulated sick leave was exhausted, was automatic. *Patton* adopts the other of the two conceivable meanings of the phrase "entitled to sick leave" by holding that entitlement is a matter determined by the eligibility of the employee for sick leave at the time of his retirement as provided in the civil service rules of the employing entity.

*Patton* is both the more recent and better reasoned of the two decisions whose language conflicts. Therefore we follow its lead.

The *Patton* court focuses on the phrase at the end of section 21025.2 that states, "Sick leave shall be subject to the regular requirements of law and rules governing the use of sick leave." It reasons that the phrase is rendered meaningless by a construction of the statute which results in an automatic deferment of disability retirement to permit accumulated sick leave to be exhausted. (77 Cal.App.3d at p. 504.)

That reasoning is persuasive. It is consistent with statutory history. In its original unenacted version, Assembly Bill No. 2911 which in 1957 proposed the adoption of Government Code section 21025.2 did not contain the sentence that the *Patton* court treats as critical. The sentence was added by amendment to the bill as enacted. That addition evidences a legislative intent that meaning be given to the added language. The only apparent meaning is that a retiring member of PERS is not automatically entitled to accumulated sick leave.

The *Patton* reasoning is also consistent with prior case law that holds that sick leave is not a vested right until the condition under which it may be taken occurs (*Newmarker* v. *Regents of Univ. of Cal.* (1958) 160 Cal.App.2d 640, 647 [325 P.2d 558]), and that a fireman voluntarily retiring is not automatically entitled to deferment of his retirement until his accumulated sick leave is exhausted unless under the city's civil service rules he is eligible for the leave (*Van Riessen* v. *City of Santa Monica* (1976) 63 Cal.App.3d 193 [133 Cal.Rptr. 618]).

■ We thus conclude that while, in the *Marsille* situation of a fireman retired for disability at a time when he was entitled to be placed upon sick leave by civil service rules, Government Code section 21025.2 requires that retirement be deferred until accumulated sick leave is exhausted, the statute does not require deferment of disability retirement of a fireman

not entitled by governing civil service rules to be placed upon sick leave at the time he is retired. ▇ Because here the city's civil service rules provided for sick leave to firemen only for nonservice-connected injury or illness, Robertson was not entitled to be placed upon sick leave when he was retired. Hence the trial court's decision to the contrary is erroneous.

The judgment is reversed.

Lillie, Acting P. J., and Hanson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 15, 1978.