[Civ. No. 60840. Second Dist., Div. Two. May 18, 1981.]

RICHARD THRONE, Plaintiff and Respondent, v.
CITY OF PALOS VERDES ESTATES et al., Defendants and
Appellants.

COUNSEL

Mark C. Allen, Jr., City Attorney, Burke, Williams & Sorensen and Brian A. Pierik for Defendants and Appellants.

Samuel J. Wells for Plaintiff and Respondent.

OPINION

**ROTH, P. J.**—Respondent was employed as a police officer by appellant City of Palos Verdes Estates (the City) for a period of 28 years, from 1949 until June 2, 1977. On the latter date, he was retired by the City as a result of an industrially related medical disability. Respondent asserted that he declined retirement until such time as he had utilized all accumulated sick leave standing to his credit. When the City rejected his proposal, he initiated a proceeding for writ of mandate in the superior court to require its acceptance, resulting in a judgment granting the petition. This appeal followed. We affirm.

Though anticipated otherwise by appellant, respondent does not dispute the notion that local and not state law determines entitlement to sick leave at the time of retirement. (Gov. Code, § 21025.2; see *Batters v. City of Santa Monica* (1980) 101 Cal.App.3d 595 [161 Cal.Rptr. 728]; *Robertson v. City of Inglewood* (1978) 84 Cal.App.3d 400 [148 Cal.Rptr. 560]; *Campbell v. City of Monrovia* (1978) 84 Cal.App.3d 341 [148 Cal.Rptr. 679]; *Patton v. Governing Board* (1978) 77 Cal.

App.3d 495 [143 Cal.Rptr. 593]; *Van Riessen v. City of Santa Monica* (1976) 63 Cal.App.3d 193 [133 Cal.Rptr. 618]. Cf. *Marsille v. City of Santa Ana* (1976) 64 Cal.App.3d 764 [134 Cal.Rptr. 743].)

■ What is contested is whether such local law, in the case of the City its resolution No. 830, section 17(i), is sufficient to deny respondent the benefits he claims.

That section provides only that "No payment shall be made for accumulated sick leave at the time of termination or retirement from employment."

In our view the resolution, as thus formulated, is not addressed to the circumstances of respondent's case and is inadequate to support the result appellants seek to derive from it.

So, in our judgment, the provision most reasonably understood is directed toward those instances where employees might seek to obtain compensation for unused sick leave even though they did not meet the normal requirements associated with its receipt, i.e., in instances where they were not "sick," as that term is further defined by the City's resolution to mean the employee is "unable to report for work." (Cf. *Patton v. Governing Board, supra*, 77 Cal.App.3d 495.) Such a lump-sum payment for "accumulated sick leave at the time of ... retirement" is specifically not allowed.

Respondent's claim, on the other hand, is not for such a payment and concededly was made under circumstances which in any other context would undoubtedly have entitled him to the sick leave benefit, i.e., under circumstances where by virtue of the terms of the governing resolution he was "sick." The fact that his claim was made at a date when appellants determined to retire him does not alter this fact. Nor is the suggestion persuasive that respondent is in actuality receiving a "payment" of the sort proscribed even though it is not a lump-sum payment but a like amount obtained piecemeal over the duration of his sick leave period. The fact is that the sums paid to him on account of sick leave are paid only so long as he continues to qualify for them. Though it may have been unlikely his disability and therefore his "sickness" would terminate prior to his having exhausted the sick leave accumulated, that was nevertheless a possibility which upon fruition would have ceased his entitlement. He thus would not receive a "payment" of the sort contemplated in the resolution.

In *Campbell* v. *City of Monrovia, supra*, 84 Cal.App.3d 341, on facts substantially identical to those present here, we construed a resolution of that City providing that "sick leave shall not be taken as vacation time, nor compensated for in cash at any time" as insufficient to prevent receipt of sick leave benefits by a disabled police officer before he could be retired by the City. We reach a like result in this case.[1]

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

---

[1]Respondent's request for an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, apart from being defectively presented, is specious and, accordingly, is denied. (See *Marini* v. *Municipal Court* (1979) 99 Cal.App.3d 829 [160 Cal.Rptr. 465].)