

# The Attorney General of Texas

January 15, 1982

This Opinion
Affirms Opinion
# MW-247

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. E. Snelson, Chairman
Senate Education Committee
Texas State Senate
State Capitol Building, 128-C
Austin, Texas  78711

Opinion No.  MW-427

Re:  Sick leave entitlement of
state employees

Dear Senator Snelson:

You have requested our opinion regarding an employee terminated by the State Commission for the Blind on June 25, 1979, while the employee was drawing sick leave.  In Attorney General Opinion MW-247 (1980), we said that this employee was not entitled to be paid a lump sum in compensation for that portion of his accrued sick leave which remained unused at the time of his discharge.

The pertinent provisions regarding sick leave in effect at the time the aforesaid employee was terminated were found in the Appropriations Act for the 1978-1979 biennium at page V-32.  See Acts 1977, 65th Leg. ch. 872 at 2699, 3146.  They read in part:

> b.  Employees of the State shall, without deduction in salary, be entitled to sick leave subject to the following conditions:
>
> An employee will earn sick leave entitlement beginning on the first day of employment with the State and terminating on the last day of duty.
>
> Sick leave entitlement shall be earned at the rate of eight (8) hours for each month or fraction of a month employment, and shall accumulate with the unused amount of such leave carried forward each month.  Sick leave accrual shall terminate on the last day of duty.
>
> Sick leave with pay may be taken when sickness, injury, or pregnancy and confinement prevent the employee's performance of duty or when a member of his immediate family is actually ill. An employee who must be absent from duty because of illness shall notify his supervisor or cause

him to be notified of that fact at the earliest practicable time. (Emphasis added).

Under the provisions of the Appropriations Act, in our opinion, if an employee is not prevented by illness from performing his duty at the time he is terminated, the right to use accumulated sick leave never accrues and the termination of employment extinguishes the contingent right. See Attorney General Opinion MW-247 (1980). Cf. City of Houston v. Caldwell, 582 S.W.2d 494 (Tex. Civ. App. - Beaumont 1979, no writ); Patton v. Governing Board of San Jacinto School District, 143 Cal. Rptr. 593 (Cal. App. 4th, 1978). Even if a state employee is genuinely ill and using accumulated sick leave, we do not think he is immune from involuntary termination and removal from the payroll. But if he is terminated after his right to use his accumulated sick leave has accrued, the employing agency remains liable for the value of the accrued but not-yet-exhausted leave time (or the portion applicable, depending on the duration of the illness). See Vangilder v. City of Jackson, 492 S.W.2d 15 (Mo. App. - St. Louis 1973). Cf. Educ. Code §13.905 (termination of school employees on disability leave); Attorney General Opinion H-352 (1974).

Turning to your specific question, we advise that if an ill state employee subject to the General Appropriations Act for fiscal years 1978-1979 is involuntarily terminated while on recommended extended sick leave for a bona fide illness that prevents him from performing his duty, he is entitled to be paid for his accrued, unexhausted sick leave time or, should the duration of the illness not exceed the unexhausted time, for the portion applicable. In Attorney General Opinion MW-247 (1980), the word "accrued" is used in a coloquial, non-technical sense. Cf. Attorney General Opinion M-1075 (1972) (vacation benefits accrued). However, it otherwise correctly states the general rule applicable to state employees terminated at a time when the right to use accumulated sick leave entitlement has not vested and we reaffirm it. A different question is presented here.

## SUMMARY

An ill state employee subject to the General Appropriations Act for fiscal years 1978-1979 who is involuntarily terminated while on recommended extended sick leave for a bona fide illness that prevents him from performing his duty is entitled to be paid for his accrued, unexhausted sick leave time or, should the duration of the illness not exceed the unexhausted time, for the portion applicable.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Bruce Youngblood